# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| ACLUB 2000 INC.,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>GREEN TREE BANK HOME LOANS SEYE, LLC, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:13-cv-02174-LDG-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

   This matter is before the court on Plaintiff's failure to comply with this court's Order (Dkt. #8) and Order to Show Cause (Dkt. #11).

   On February 14, 2014, the court entered an Order (Dkt. #8) requiring Plaintiff to (1) designate counsel of record authorized to appear in this action, and (2) file Certificate of Interested Parties in compliance with Local Rule 7.1-1 on or before August 14, 2009.  The order warned Plaintiff that its failure to comply "may result in the issuance of an order to show cause why sanctions should not be imposed." *Id.*  Plaintiff failed to designate counsel of record authorized to appear in this action, failed to file its Certificate of Interested Parties and did not request an extension of time in which to comply with the court's Order (Dkt. #8).

   On March 19, 2014, the court entered an Order to Show Cause (Dkt. #11) based on Plaintiff's failure to comply with the court's previous Order (Dkt. #8).  The court directed Plaintiff to show cause in writing no later than April 1, 2014, why it had not complied with the court's Order (Dkt. #8).  The Order to Show Cause (Dkt. #11) advised Plaintiff that complying the the Order (Dkt. 11) would satisfy the court that sanctions would not be warranted, and that no further response to the orde to show cause would be necessary.  Plaintiff failed to file a response to the Order to Show Cause (Dkt. #13), and it has not requested an extension of time in which to do so.

Plaintiff's willful failure to comply with the court's orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. Designation of counsel to represent a corporation is required. *U.S. v. High Country Broadcasting Co., Inc.* 3 F.3d 1244, (9th Cir. 1993); *Rowland v. California Men's Colony, 506* U.S. 194, 201-02 (1993). Furthermore, the Certificate of Interested Parties is required for the court to assess whether a conflict of interest exists which requires the assigned judge(s) to disqualify himself or herself. Sanctions less drastic than dismissal are unavailable because Plaintiff has wilfully refused to comply with multiple court Orders and the Local Rules of Practice.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff' Complaint be **DISMISSED** unless Plaintiff (1) designates counsel of record authorized to appear in this action, and (2) files the Certificate of Interested Parties no later than **April 22, 2014.**

Dated this 8th day of April, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE